UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROXSAN DAWN YOUNG,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 1:18-cv-00055<br><br>ORDER ON SOCIAL SECURITY APPEAL |

This matter is before the court on claimant's request for judicial review of an unfavorable decision of the Acting Commissioner of the Social Security Administration regarding claimant's application for a period of disability and disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the U.S. Court of Appeals for the Ninth Circuit. ECF Nos. 8, 10. At a hearing on March 18, 2019, the court heard argument from the parties. Having reviewed the record, administrative transcript, briefs of the parties, and applicable law, and having considered arguments raised at the hearing, we will deny claimant's appeal.

This is a one-issue case: Claimant argues that the Administrative Law Judge ("ALJ") committed reversible legal error at step four of the sequential disability evaluation process because the ALJ asked an improper hypothetical question of the vocational examiner ("VE"). As discussed on the record, we review the ALJ's decision to determine whether it was (1) supported by substantial evidence and (2) free of reversible legal error. The substantial evidence standard is

a permissive one: Although we require there to be more than a scintilla of evidence supporting the ALJ's decision, we do not require that a preponderance of the evidence support it. Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, we will uphold the ALJ's decision. The plaintiff bears the burden of proof at step four of the sequential disability evaluation process.

In considering whether the claimant could perform past work, the ALJ presented the VE with three hypothetical scenarios, the second of which is at issue here:

> I'm going to give you another hypothetical. Lifting and carrying no more than ten pounds, either occasionally or frequently. Pushing and pulling within those weight limits. Standing and walking no more than two hours out of an eight-hour day. Sitting six out of eight. No ladders, ropes or scaffolds.
> No work hazards such as working at unprotected heights, operating fast or dangerous machinery, driving commercial vehicles. Avoiding concentrated exposure to uneven or slippery terrain.
> The ability to rest and elevate the legs every 15 minutes. I'm sorry. Fifteen minutes every 2 hours, *falling within the normal breaks and lunch period*. No forceful gripping. Frequent as to handling, fingering and feeling.
> No kneeling, crawling or ladders, ropes or scaffolds. Occasional as to all other posturals. No overhead reaching with the bilateral upper extremities. Shoulder level would be okay. No prolonged exposure to concentrated cold. Based on those limits, would there be past work?

AR 72-73 (emphasis added).

As discussed at oral argument, the claimant objects to the italicized portion of the hypothetical, an eight-word present participle phrase. In claimant's view, the ALJ, by using this phrase, forced the VE to assume that it would be possible for claimant to take her physically-required breaks during standard break and lunch periods. On appeal, claimant calls the court's attention to various sources of authority that, in claimant's view, show that employers are not required to and do not provide such breaks. Claimant argues that it was legal error for the ALJ to force such an assumption on the VE, and that, as a result, the VE's answer to the ALJ's hypothetical question does not constitute substantial evidence supporting the ALJ's decision.

We are unwilling to vest the short phrase highlighted by claimant with such significance. In using the phrase at issue, the ALJ was presenting part of a hypothetical scenario to the VE: asking the VE whether jobs would exist in the national economy for a hypothetical individual with the stated limitations. If, in the VE's opinion, there were no such jobs—that is, no jobs providing for standard breaks and a lunch period every two hours during which plaintiff could elevate her legs for fifteen minutes—the VE was free to say so. In fact, it was the VE's job to say so. Had the ALJ instructed the VE to assume that such jobs exist, we would face a different question, but the ALJ gave no such directive.[1]

In sum, having reviewed the record, administrative transcript, briefs of the parties, and applicable law, we find that the ALJ's decision is supported by substantial evidence in the record and is based on proper legal standards. For the foregoing reasons and those stated on the record following oral argument, claimant's request for remand is denied.

**Order**

Accordingly, we deny claimant's appeal from the administrative decision of the Acting Commissioner of Social Security. The clerk of court is directed to enter judgment in favor of defendant Nancy Berryhill, the Acting Commissioner of Social Security, and against claimant Roxsan Dawn Young. The clerk of the court is directed to close this case.

IT IS SO ORDERED.

Dated:  March 18, 2019                               _____
                                                     UNITED STATES MAGISTRATE JUDGE

---

[1] Claimant states that she is not challenging the substance of the VE's response to the ALJ's question. ECF No. 18 at 2-3 (claimant's reply brief). If claimant had challenged the substance of the VE's answer, claimant's argument might have been foreclosed, since claimant, who was represented by counsel, did not challenge or even inquire into the VE's response at the hearing before the ALJ. *See Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2017) ("[W]hen a claimant fails entirely to challenge a vocational expert's job numbers during administrative proceedings before the agency, the claimant forfeits such a challenge on appeal, at least when that claimant is represented by counsel."). Given claimant's narrow argument, however, we do not consider whether claimant forfeited her opportunity to challenge the VE's response to the ALJ's question.